253 N.J. Super. 7 (1992)
600 A.2d 946
WENDY WHITLEY-WOODFORD, PLAINTIFF-APPELLANT,
v.
CHARLES JONES, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1991.
Decided January 8, 1992.
*9 Before Judges LONG, BAIME and THOMAS.
Lofton and Wolfe, attorneys for appellant (Oliver Lofton on the brief).
Giblin & Combs, attorneys for respondent (Craig S. Combs on the brief).
The opinion of the Court was delivered by THOMAS, J.S.C., (temporarily assigned).
Plaintiff appeals from an adverse verdict in a medical malpractice action. The principal issue she raises is that it was error for the trial judge to deny her requested charge of medical negligence based upon a theory of lack of informed consent. We agree with the reasoning of Judge Walls and affirm.
Plaintiff, with a history of Fallopian tube disease, consulted defendant because of her suspected pregnancy. Defendant ordered a pregnancy test and sonogram. When plaintiff returned to the doctor's office to obtain these test results, she started bleeding vaginally and was immediately hospitalized. There, defendant advised plaintiff he suspected an ectopic pregnancy (where the egg, after fertilization, becomes lodged in the Fallopian tube and begins its development). He advised plaintiff he needed to perform an exploratory laparotomy, a surgical procedure in which the abdomen is opened for full examination. Plaintiff signed a consent form to undergo the laparotomy, although at trial she contended she thought she was consenting to a laparoscopy, a radically different procedure in which a small cut is made in the navel permitting the insertion of a tube through which a doctor can obtain a somewhat limited view of the abdomen. Plaintiff was familiar with this procedure having undergone it previously. Plaintiff also contended she told the *10 doctor not to remove her Fallopian tube unless it was ruptured. This was disputed by defendant.
The laparotomy procedure revealed plaintiff did have an ectopic pregnancy which had ruptured inside the Fallopian tube. However the tube itself had not ruptured. The source of bleeding was from a cyst on the plaintiff's left ovary. This bleeding site was repaired and approximately one pint of blood was drained from plaintiff's abdomen. In defendant's opinion, the Fallopian tube was diseased beyond salvage and potentially fatal. He removed it and plaintiff, upon receiving that information, brought suit.
Plaintiff's complaint advanced two theories of wrongdoing; negligent performance of an operation and battery. At trial, in support of the first theory, plaintiff offered testimony that the doctor's decision to remove her left Fallopian tube was a medical error. In support of her second theory, she testified she never consented to a laparotomy or to the removal of her Fallopian tube. The trial judge charged the jury as to medical negligence and battery. Plaintiff asked for, but was refused, a charge on informed consent. She pointed to her testimony to the effect that she thought defendant was only going to do a laparoscopy and did not tell her he was going to fully open her abdomen. Plaintiff also cites her testimony in which she contends defendant never explained the risks, alternatives or possible outcome of the exploratory laparotomy.
The theories of battery and informed consent are diametrically opposed and mutually inconsistent. They are often confused probably because the word consent is used in connection with both.
Informed consent is a negligence concept based upon the duty of a doctor to give his patient appropriate information so that the patient can make an informed decision about proceeding with a particular medical course of action. Largey v. Rothman, 110 N.J. 204, 540 A.2d 504 (1988). Usually expert testimony is required. Perna v. Pirozzi, 92 N.J. 446, 457 A.2d *11 431 (1983); Kaplan v. Haines, 96 N.J. Super. 242, 257, 232 A.2d 840 (App.Div. 1967), aff'd. 51 N.J. 404, 241 A.2d 235 (1968). Damages are based upon an adverse result which would have been avoided if proper information had been given. "Damages are measured by comparing the condition plaintiff would have been in, had the defendants not been negligent, with plaintiff's impaired condition as a result of negligence." Gleitman v. Cosgrove, 49 N.J. 22, 28, 227 A.2d 689 (1967).
Battery, on the other hand, is an intentional tort. It occurs when a doctor does not obtain the consent of his patient to perform a particular operative procedure. It is an unauthorized invasion of the body. Deviation from a standard of care is not involved and expert testimony on this issue is not necessary. An operation undertaken without consent (battery), even if perfectly performed with good medical results, may entitle a plaintiff to at least nominal and even punitive damages. Perna v. Pirozzi, 92 N.J. 446, 457 A.2d 431 (1983); Skripek v. Bergamo, 200 N.J. Super. 620, 491 A.2d 1336 (App. Div. 1985), certif. denied, 102 N.J. 303, 508 A.2d 189 (1985).
Plaintiff's case here was based on her allegation that she did not consent to do a laparotomy or to the removal of her Fallopian tube. It was not grounded on the position that consent to perform the laparotomy was only given because she had received inadequate information and, but for that, plaintiff would not have consented. Judge Walls was absolutely correct in refusing to instruct the jury on a theory of informed consent.
Two other issues raised by plaintiff relate to the admissibility of testimony by the doctors. Both are without merit. The first deals with the testimony of defendant's doctor explaining to the jury the significance of and what the pathologist meant in his report admitted into evidence by plaintiff. Even though this expert's report did not go into such a discourse, it could not be expected to. His testimony was an explanatory reaction to evidence introduced by plaintiff and testimony of plaintiff's doctor, all perfectly proper.
*12 The second issue deals with the trial court's ruling restricting plaintiff's expert's testimony. Here again, the judge was correct. The offered expert testimony concerned a theory of negligence not developed during discovery.
Affirmed.